Nancy Curry, Chapter 13 Standing Trustee
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017
TEL: (213) 689-3014
FAX: (213) 689-3055

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**  **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION** ||
| IN RE<br><br>BERRY, TAMLYN JEANNE<br><br><br><br><br><br>Debtor | Case No. 2:15-bk-28418-VZ<br><br>Chapter 13<br><br>**TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN UNDER 11 USC §§§1322, 1325 AND 1326; DECLARATION IN SUPPORT; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION UNDER 11 USC §1307**<br><br>Date: June 13, 2016<br>Time: 09:00 AM<br>Ctrm: 1368<br>    255 East Temple Street<br>    Los Angeles, CA 90012 |

    The Chapter 13 Standing Trustee hereby objects to the confirmation of the proposed plan because the Debtor has failed to meet all necessary requirements as detailed in the attached declaration and supporting Exhibit A.

    THE FAILURE OF THE DEBTOR, OR THE ATTORNEY REPRESENTING THE DEBTOR, TO RESPOND TO THESE OBJECTIONS, APPEAR AT THE CONFIRMATION HEARING AND FAILURE TO PRESENT EVIDENCE THAT ALL REQUIRED PAYMENTS ARE CURRENT MAY RESULT IN DISMISSAL OR CONVERSION OF THE CASE. THEREFORE, the Trustee respectfully requests that confirmation of the plan be denied and for such other relief as the Court may deem appropriate.

DATED: January 13, 2016                                                     /s/ Nancy Curry
                                                                                                Chapter 13 Standing Trustee

## DECLARATION OF ERIKA GREEN

I, ERIKA GREEN, declare as follows:

1. Nancy Curry is the Chapter 13 Standing Trustee in this matter:

    **BERRY, TAMLYN JEANNE , 2:15-bk-28418-VZ**

    I am employed by the Trustee as a staff attorney and am duly qualified to make this declaration. The Trustee has files and records kept by her office in the regular course of business. I have personally reviewed the files and records kept by her office in the within case. The following facts are true and correct within my own personal knowledge and I could and would testify competently thereto if called upon to do so.

2. I object to confirmation of the proposed Plan because of the specific deficiencies which are set forth in the attached Exhibit A which is incorporated herein by reference. All of these deficiencies existed prior to or at the time of the §341(a) Meeting held in this matter.

    I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles, California on January 13, 2016.

DATED: January 13, 2016                                              /s/ Erika Green
                                                                      Erika Green

**Debtor:** Tamlyn Jeanne Berry
**Case No.:** 2:15-bk-28418-VZ    **§341(a):** 01/12/16    **Debtor attny:** David H. Chung

## EXHIBIT A

If the Debtor fails to produce the requested documents and fails to resolve the issues set forth in this objection to confirmation, the Trustee will recommend dismissal or conversion of the case for cause and unreasonable delay that is prejudicial to creditors. See 11 U.S.C. §§1307(c) and 1307(c)(1).

Other issues may arise at or before confirmation requiring additional action or information by the debtor and counsel.

The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. § 521(a)(3) and Fed. R. Bankr. P. 4002(4).

**The Trustee will move to dismiss the case if the below deficiencies are not fully addressed timely; that is, not later than 14 days before the confirmation hearing.**

The Debtor has the burden of proof for plan confirmation. See In re Huerta, 137 B.R. 356, 365 (Bankr.C.D.Cal. 1992), In re Wolff, 22 B.R. 510, 512, 9 B.C.D. 451 (B.A.P. 9th Cir., 1982), In re Hill, 268 B.R. 548, 552 (B.A.P. 9th Cir. 2001).

**An Annotated Calendar containing the Chapter 13 Trustee's pending objections to confirmation is posted at least 10 days before the hearing at: http://curry.trustee13.com for Judge Zurzolo's Confirmation Hearing.**

| Objection | Possible Resolution |
|---|---|
| **Payments are not Current** | |
| Declaration attesting that all deed of trust (mortgage) payments are current has not been filed pursuant to LBR 3015-1(m). | Comply with LBR 3015-1. |
| **Feasibility** | |
| The Plan is infeasible. See 11 U.S.C. § 1325(a)(6).<br>1. Presently known claim total exceeds amount plan provides.<br>• BMW | Demonstrate plan feasibility. |
| **Best Effort** | **Hamilton v. Lanning, 130 S.Ct. 2464 (2010)** |
| The Plan does not represent a best effort of the Debtor. See 11 U.S.C. § 1325(b)(1)(B).<br><br>The amended B22C Form fails to list Debtor's income. | |
| **Income** | |
| The Debtor has failed to timely (7 days before the § 341(a) debtor examination) provide:<br><br>1. Payment advices (documentation) to prove income received during the sixty days preceding the date of the petition. 11 U.S.C. § 521(a)(1), LBR 3015-1(c)(3).<br><br>2. Complete copies of Federal and State Income Tax Returns, including W-2s, 1099s (or other supporting documentation) for the most recently ended calendar year. 11 U.S.C. § 521(e)(2), LBR 3015-1(c)(3). | • Provide documentation evidencing income from Manya Jewelers and non-filing spouse's income as an independent contractor (musician). Income attached to the petition only reflected income received for yoga instructing.<br>• Provide copies of 2013 and 2015 Federal and State Income Tax Returns. |

**Debtor:** **Tamlyn Jeanne Berry**
**Case No.:**   **2:15-bk-28418-VZ**             **§341(a):  01/12/16**            **Debtor attny: David H. Chung**

| | |
|---|---|
| The Debtor has failed to comply with the business/self-employment reporting requirements of LBR 3015-1(c)(4) for Berry Jam Music Inc (Non-Filing Spouse's) and Tamlyn Berry Yoga. | • Actual monthly income and expense statements (not a profit and loss statement) for the six months preceding the date of the petition with supporting bank statements; and continue to provide these statements each month until a plan is confirmed; and<br>• Projected income and expenses for the 12 month period following the filing of the petition.<br><br>**The Income and Expense Statement Forms can be downloaded from the Trustee's website: http://curry.trustee13.com** |
| **Future Tax Refunds** | **In re Diaz, 459 B.R. 86 (Bankr. C.D. CA. 2011)** |
| The Debtor must commit all disposable income including tax refunds received during the term of the Plan. Any state and federal income tax refunds that are issued to the debtor during the plan term shall be paid to the Chapter 13 Trustee.11 U.S.C. § 1325(b)(1)(B); In re Diaz, 459 B.R. 86 (Bankr. C.D. CA. 2011). | The Order Confirming Plan will contain a provision that Debtor must tender yearly tax refunds to the Chapter 13 Trustee. |
| **Required Documents** | |
| The Debtor must submit to the trustee the Declaration re Payment of Domestic Support Obligation (Preconfirmation), the Declaration re Tax Returns (Preconfirmation), and any other required documents. LBR 3015-1(c)(5). | File the mandatory form Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation). |

# PROOF OF SERVICE DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (specify) **TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN UNDER 11 USC §§§1322, 1325 AND 1326; DECLARATION IN SUPPORT; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION UNDER 11 USC §1307** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 13, 2016, I checked the CM/ECF document for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**2.  SERVED BY UNITED STATES MAIL:**
On  January 13, 2016, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| BERRY, TAMLYN JEANNE | DAVID H. CHUNG |
| 25731 F. PERLMAN PL. | 800 S. VICTORY BLVD., SUITE 101 |
| STEVENSON RANCH, CA 91381 | BURBANK, CA 91502- |

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 13, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Vincent P. Zurzolo
U.S. Bankruptcy Court
Bin outside of Suite 1360
255 East Temple Street
Los Angeles, CA 90012

I declare under penalty of perjury that the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| January 13, 2016 | Carlos Robles | /s/ Carlos Robles |
| Date | Type Name | Signature |